**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JACQUELINE BABBITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:07-CV-253 PS |
| | ) | |
| INDIANA STATE POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

According to the Complaint, on March 26, 2005, Officer E. Lamar Helmuth stopped

Plaintiff Jacqueline Babbitt for speeding.  During the stop, he accused her of being intoxicated.

Plaintiff alleges that Officer Helmuth searched her car and seized her license, and only after

conducting the search, wrote false affidavits and arrest reports in order to substantiate probable

cause for her subsequent arrest.  She also accuses Helmuth of failing to show up at three trials,

"leaving [her] in a state of imprisonment."  She now sues the Indiana State Police Department,

asserting Fourth, Fifth, Sixth, and Fourteenth Amendment claims as well as state-law claims of

false imprisonment and defamation.

Defendant has moved to dismiss for lack of subject matter jurisdiction and failure to state

a claim upon which relief may be granted.  For the reasons that follow, Defendant's motion is

granted.

**I.  BACKGROUND**

In the early morning hours of March 26, 2005, Plaintiff was driving from South Bend,

Indiana to Hammond, Indiana when Officer E. Lamar Helmuth pulled Plaintiff over.  (DE 1-2 at

2.)  According to Helmuth, whose deposition from the underlying criminal prosecution Plaintiff

has attached to her Complaint, Plaintiff was driving 67 miles per hour in a 50 mph zone.  (DE 1-2 at 18.)  Plaintiff alleges that Helmuth then accused her of being intoxicated; although she doesn't explicitly say so, she apparently disputes that conclusion.  (DE 1 at 2.)  Plaintiff asserts that Officer Helmuth searched her car and seized her license, and then afterward, wrote "[perjured] affidavits and arrest reports in order to substantiate probable cause which obstructed due process."  (*Id*.)

According to the Complaint, Helmuth gave Plaintiff a preliminary breath test, and when the test came up with inconclusive results, he told her that they had to go to his post for further testing.  (*Id*.)  After Helmuth tried to get her to argue with him on the way to the post, she no longer trusted him to give her another test, so she asked him to take her to Memorial Hospital for any further testing.  Helmuth then wrote her up as having refused to take a breathalyzer test, and took her to jail.  Once in jail, Plaintiff asked to use the bathroom, and someone (it is unclear from the Complaint if it was Helmuth) told Plaintiff to urinate on herself.[1]   (*Id*.)

Although the context for this allegation is unclear, Plaintiff also alleges that Officer Helmuth "chose not to show" at three trials, "leaving [her] in the state of imprisonment even longer which lead to a dismissal but also to a conviction without being able to face my accuser." (*Id*.)  Plaintiff claims that she was thus unable to receive a fair trial.  (*Id*. at 2-3.)

---

[1]   For his part, Helmuth testified that after smelling alcohol on Plaintiff's breath, he asked her to take a preliminary breath test (PBT), which she agreed to take.  (DE 1-7 at 5-7.) The reading from the PBT was .078, though Helmuth testified that Plaintiff did not fully blow into the breathalyzer tube.  (*Id*. at 9.)  Helmuth testified that Plaintiff maintained that she had only had one drink prior to getting in her car, and she offered to let the officer search the car. (*Id*.) Helmuth then found an open cold can of beer stashed underneath the driver's seat.  (*Id*.) Once Officer Helmuth brought Plaintiff to his post, she would not breathe properly into the Datamaster breathalyzer machine, so he placed her under arrest.  (DE 1-8 at 6-11.)

Plaintiff now sues the Indiana State Police Department for violations of her Fourth, Fifth,

Sixth, and Fourteenth Amendment rights as well as for claims of false imprisonment, loss of

property, and defamation.  (*Id*. at 3.)  She seeks $300,000 and that her refusal to take a

breathalyzer test be removed from her driving record.  (*Id*.; DE 1-2 at 4.)

## II.  DISCUSSION

Rule 12(b)(6) allows for dismissal of a claim when the Plaintiff has failed state a claim

upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  The Court must accept as true the

well pleaded allegations of the complaint, and draw all reasonable inferences in favor of the

plaintiff.  *Cler v. Illinois Educ. Ass'n.*, 423 F.3d 726, 729 (7th Cir. 2005).  In considering a

motion to dismiss, the court will look only at the pleadings, will accept as true all of the facts

alleged by the plaintiff and will give the plaintiff the benefit of every reasonable inference that

may be drawn from those allegations.  *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

### A. Eleventh Amendment Immunity

Defendant argues that the Court lacks subject matter jurisdiction over this matter because

Defendant shares the state's sovereign immunity from suit.  The Eleventh Amendment bars

federal suits against a state, regardless of whether a suit seeks damages or injunctive relief.

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).  Moreover, "a state

agency *is* the state for purposes of the eleventh amendment."  *Kroll v. Bd. of Trs. of Univ. of Ill*.

934 F.2d 904, 907 (7th Cir. 1991).  The Indiana State Police is a unit of state government.  *See*

Ind. Code § 10-11-2-4 (creating the state police department); *Endres v. Indiana State Police*, 349

F.3d 922, 927 (7th Cir. 2003) (noting that the Indiana State Police is a unit of state government).

Therefore, the Indiana State Police is immune from federal suits to the same extent as the State

of Indiana.

Individuals may only sue a state directly if Congress has unequivocally abrogated the

state's immunity from suit, or if the state waives the immunity.  *Marie O. v. Edgar*, 131 F.3d

610, 615 (7th Cir. 1997) ("[I]ndividuals may sue a state directly if Congress has abrogated the

state's immunity from suit through an unequivocal expression of its intent to do so and pursuant

to a valid exercise of its power." (citing *Seminole Tribe of Florida  v. Florida*, 517 U.S. 44, 55

(1996))); *Lapides v. Bd. of Regents*, 535 U.S. 613, 618 (2002) (state may waive its Eleventh

Amendment immunity from suit in federal court).  The Supreme Court has held that Congress

did not intend for § 1983 to disturb states' Eleventh Amendment immunity, so states are not

"persons" liable for damages under the statute.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58,

63 (1989).  The Seventh Circuit has explicitly stated that the Indiana State Police Department is

not subject to suit under § 1983.  *Endres*, 349 F.3d at 927 ("The Indiana State Police, as a unit of

state government, is not a 'person' as § 1983 uses that term and therefore is not amenable to a

suit for damages under that statute.").  Nor has Indiana consented to suit or otherwise waived its

Eleventh Amendment immunity.  *See* Ind. Code § 34-13-3-5(f) (Indiana statute regarding tort

claims against governmental entities and employees shall not be construed as a waiver of the

Eleventh Amendment or as consent to be sued in any federal court); Ind. Code § 34-13-4-3

(chapter regarding civil rights claims against public employees shall not be construed as a waiver

of the Eleventh Amendment or as consent to be sued in any federal court).

Plaintiff asserts that federal jurisdiction exists because, at the time of her arrest, Officer

Helmuth was working a special DUI patrol that received federal funds.  (DE 14 at 1; DE 1-6 at

12.)  However, "the mere receipt of federal funds cannot establish that a State has consented to

suit in federal court." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 246-47 (1985).  There is

no suggestion in this case that Congress explicitly conditioned the receipt of federal funds for

DUI patrols on states' waiver of sovereign immunity in suits alleging the abuse of police

authority.  Plaintiff's other argument, that Defendant's assertion of sovereign immunity in this

case demands the conclusion that the State lacked jurisdiction to prosecute its DUI case against

her, is frivolous.  Plaintiff has not alleged any exception that would enable her claims to escape

the bar of the Eleventh Amendment, and therefore, the motion to dismiss is granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [DE 9] is **GRANTED**.

Defendant is not a "person" for purposes of § 1983, so Plaintiff's federal claims against the

Indiana State Police Department are **DISMISSED WITH PREJUDICE**.  Because Defendant

has sovereign immunity from suits in federal courts, Plaintiff's state-law claims against the

Indiana State Police Department are **DISMISSED WITHOUT PREJUDICE**.  Since Plaintiff

has failed to state a claim upon which relief may be granted, her various motions [DE 13, 14, 15,

18] are **DENIED** as moot.

**SO ORDERED.**

ENTERED:  November 20, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT